UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY WINTER VAN HORN,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS, LLC,<br><br>Defendant. | Case No. 23-cv-04320-PCP<br><br>**ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT AND DENYING MOTION TO REMAND**<br><br>Re: Dkt. Nos. 11, 18 |

Plaintiff Stacy Van Horn purchased an electric Chevrolet Bolt from defendant General Motors LLC (GM) in October 2020. In her complaint, she makes identical allegations against GM as plaintiff Corey Ching in *Ching v. General Motors LLC*, No. 23-cv-04442. GM again moves to dismiss two claims in the complaint for failing to plead fraud with particularity under Federal Rule of Civil Procedure 9(b), and Van Horn requests leave to amend her complaint in response. For the same reasons discussed in *Ching*, Dkt. No. 33 (N.D. Cal. Mar. 27, 2024), the Court grants Van Horn's request for leave to file an amended complaint, which must be filed within 21 days of this Order.[1] The sufficiency of Van Horn's allegations of fraud will best be addressed after Van Horn has filed an amended complaint. Accordingly, GM's motion to dismiss is denied as moot without prejudice to its arguments in any subsequent motion to dismiss Van Horn's amended complaint.

Van Horn separately moves to remand the case to state court, arguing that this Court does not have subject matter jurisdiction over the lawsuit. "If at any time before final judgment it

---

[1] In granting leave to amend, the Court orders Van Horn to address the deficiencies identified by Judge Chhabria in an order dismissing three nearly identical cases against GM in this District. *Singh et al. v. General Motors LLC*, No. 23-cv-06702, Dkt. No. 24 (N.D. Cal. Feb. 26, 2024); *Nieuwboer v. General Motors LLC*, No. 24-cv-00137, Dkt. No. 17 (N.D. Cal. Feb. 26, 2024); *Jackson v. General Motors LLC*, No. 24-cv-00229, Dkt. No. 18 (N.D. Cal. Feb. 26, 2024).

1  appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28

2  U.S.C. § 1447(c). "The party invoking the removal statute bears the burden of establishing federal

3  jurisdiction." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988). Because

4  this civil action was removed to federal court by defendant GM under 28 U.S.C. § 1441(a), GM

5  bears the burden of establishing this Court's subject matter jurisdiction.

6      Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, meaning that all

7  persons or associations on one side of the controversy (i.e., all plaintiffs) are citizens of different

8  states from all persons or associations on the other side (i.e., all defendants). *Strawbridge v.*

9  *Curtiss*, 7 U.S. 267 (1806). A corporation is a citizen of both the state in which it is incorporated

10  and the state in which it has its principal place of business—the corporation's "nerve center." *See*

11  *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010). To establish diversity jurisdiction, the amount in

12  controversy must also exceed $75,000. *See* 28 U.S.C. § 1332(a).

13      The Court has diversity jurisdiction over this case. First, the complete diversity

14  requirement is met because plaintiff Van Horn is a resident of California while defendant GM is

15  incorporated in Delaware and has its principal place of business in Michigan. Second, the amount

16  in controversy exceeds $75,000 because Van Horn is seeking replacement of her vehicle (the retail

17  price of which was $38,371) or restitution (of the $39,254 Van Horn paid for the vehicle including

18  lease payments) as well as a civil penalty under the Song-Beverly Act in an amount equal to twice

19  her damages. The amount in controversy is thus well above $75,000. *See Chavez v. JPMorgan*

20  *Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018) ("[T]he amount in controversy includes all relief

21  claimed at the time of removal to which the plaintiff would be entitled if she prevails."). Notably,

22  this calculation does not include Van Horn's requested punitive damages or attorneys' fees and

23  costs under the Song-Beverly Act. *Id.* at 416 ("The amount in controversy may include damages

24  (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as

25  attorneys' fees awarded under fee shifting statutes."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945

26  (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy

27  in a civil action.").

28

Because the Court has subject matter jurisdiction over the lawsuit, Van Horn's motion to remand this case to state court is denied.

**IT IS SO ORDERED.**

Dated: March 27, 2024

P. Casey Pitts
United States District Judge